[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12997
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00085-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY WILCOXSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 17, 2017)

Before MARTIN, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Harry Wilcoxson appeals the 240-month prison sentence he received after he was convicted for three counts of distribution of cocaine, one count of possession of cocaine with the intent to distribute, one count of possession of a firearm in furtherance of a drug trafficking offense, and one count of possession of a firearm as a felon.  After careful review, we affirm.

I.

Wilcoxson was indicted on three counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 1–3), one count of possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 4), one count of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 5), and one count of possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 6). He pled guilty to Counts 1 through 4, and was convicted on Counts 5 and 6 after two jury trials.

According to the presentence investigation report ("PSR"), Wilcoxson qualified for a lengthened prison sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on four of his earlier convictions: (1) assault with intent to commit manslaughter in Florida (1967); (2) assault with intent to commit second-degree murder in Florida (1973); (3) trafficking in cocaine in Florida (1989); and (4) trafficking in cocaine in Georgia (2002).  Based on a total

2

offense level of 33 and a criminal history category of IV, the PSR determined that Wilcoxson's range of imprisonment under the United States Sentencing Guidelines ("USSG") was 188 to 235 months for Counts 1, 2, 3, 4, and 6, and 60 months for Count 5, to be served consecutively.

Wilcoxson objected to the PSR's determination that he qualified for a lengthened sentence under the ACCA. While he conceded that his two prior assault convictions were violent felonies, he said neither of his prior drug trafficking offenses could serve as a valid ACCA predicate. At the sentencing hearing, the district court overruled Wilcoxson's objection to his ACCA sentence. The court said it was bound by Eleventh Circuit precedent to find that Wilcoxson's two prior trafficking convictions were predicate offenses under the ACCA. As a result, the court imposed the mandatory minimum 240-month total sentence.

II.

On appeal, Wilcoxson argues that neither of his prior drug trafficking convictions qualifies as a valid predicate offense under the ACCA because neither falls within the ACCA's definition of a "serious drug offense."

We review de novo whether a particular conviction qualifies as a valid predicate offense under the ACCA. United States v. White, 837 F.3d 1225, 1228 (11th Cir. 2016) (per curiam). Under the ACCA, a defendant convicted of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) is subject to a

3

mandatory minimum fifteen-year prison sentence if he has three prior convictions for either a "serious drug offense" or a "violent felony."  18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense" to include any offense under state law "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).  Because Wilcoxson conceded below that his two prior convictions for assault can serve as valid ACCA predicates, we may affirm the district court so long as we determine that one of Wilcoxson's drug trafficking convictions can support his ACCA sentence.

To determine whether Wilcoxson's drug trafficking convictions are serious drug offenses within the meaning of the ACCA, we must apply what is known as the "categorical approach."  Under this approach, we do not look at the facts that resulted in the earlier conviction.  Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276, 2283 (2013).  Instead, Supreme Court precedent requires us to look only to the elements of the statute under which the person was convicted.  See Mathis v. United States, 579 U.S. ___, 136 S. Ct. 2243, 2251 (2016).  And in applying the categorical approach, we must analyze "the version of state law that the defendant was actually convicted of violating."  McNeill v. United States, 563 U.S. 816, 821, 131 S. Ct. 2218, 2222 (2011).

4

Under our precedent and the categorical approach, Wilcoxson's Florida conviction for trafficking in cocaine is a valid ACCA predicate offense. Wilcoxson was convicted of that offense in 1989. The version of the statute under which Wilcoxson was convicted, Fla. Stat. § 893.135(1)(b) (1987 & Supp. 1988), said "[a]ny person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine . . . is guilty of a felony of the first degree." Wilcoxson argues his conviction under § 893.135(1)(b) was not a serious drug offense under the ACCA because it "allow[s] for conviction for trafficking solely for the act of possession of controlled substances of a certain quantity, without . . . requir[ing] [the state] to prove intent to distribute in order to obtain convictions." However, Wilcoxson correctly recognizes that his argument is foreclosed by our decision in United States v. James, 430 F.3d 1150 (11th Cir. 2005), overruled on other grounds by Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), and wishes to preserve his argument for further appellate review.

In James, this Court considered whether a defendant's 1998 conviction under the same cocaine trafficking statute could qualify as a serious drug offense even though that statute did not require the state to prove an intent to manufacture or distribute cocaine on the part of the defendant. See id. at 1152–54. The James panel held the ACCA's use of the word "involving" meant that "state offenses that

5

do not have as an element the manufacture, distribution, or possession of drugs with intent to manufacture or distribute" could still qualify as serious drug offenses under the ACCA. Id. at 1155. It also concluded courts could infer that a defendant who was convicted under the cocaine trafficking statute had an intent to distribute cocaine from (1) the quantity of cocaine a defendant must possess in order to violate the trafficking statute (28 grams); and (2) the trafficking statute's placement as the most serious crime in a three-tiered scheme in which trafficking carried more severe penalties than both mere possession and possession with intent to distribute. Id. at 1154–55.

This case mirrors James. The version of the cocaine trafficking statute here contains nearly identical wording to the version of the statute in James. Compare Fla. Stat. § 893.135(1)(b) (1987 & Supp. 1988), with James, 430 F.3d at 1153. Thus, like in James, the statute under which Wilcoxson was convicted criminalized mere possession of 28 grams or more of cocaine. Also, at the time Wilcoxson was convicted of cocaine trafficking in Florida, that crime carried more severe penalties than possessing cocaine with intent to distribute. Compare Fla. Stat. § 893.135(1)(b) (1987 & Supp. 1988) (classifying trafficking in cocaine as a first-degree felony), with id. § 893.13(1)(a)(1) (classifying possessing cocaine with intent to distribute as a second-degree felony). Based on these factors, James mandates that Wilcoxson's Florida cocaine trafficking conviction "involv[ed] . . .

possessi[on] with intent to manufacture or distribute[] a controlled substance" within the meaning of the ACCA.  18 U.S.C. § 924(e)(2)(A)(ii).  And we must apply James "unless and until [its] holding is overruled by the Court sitting en banc or by the Supreme Court."  Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).  As a result, Wilcoxson's Florida cocaine trafficking conviction is a valid ACCA predicate offense.

Because this conviction counts as Wilcoxson's third ACCA predicate offense, we need not decide whether his Georgia cocaine trafficking conviction is also a serious drug offense under the ACCA.

**AFFIRMED.**