[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-13732

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DENNIS PUGH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cr-00258-CEM-LRH-1

_____

Before WILSON, JILL PRYOR, and LUCK Circuit Judges.

PER CURIAM:

Dennis Pugh appeals his total sentence following his conviction on multiple counts relating to cocaine distribution. He argues that trafficking cocaine in violation of Florida Statute § 893.135 does not qualify as a "serious drug offense" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2). For the following reasons, we affirm.

## I.

In 2018, Pugh was indicted and charged with conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Pugh plead not guilty to all counts.

Pursuant to 21 U.S.C. § 851, the government filed an information and notice alleging that, under the charging statutes, Pugh was subject to an increased sentence due to his prior conviction in November 2001 for trafficking cocaine in violation of Florida Statute § 893.135(1)(b). Pugh moved to strike the government's information and notice, arguing that he was not subject to enhanced sanctions based on his prior conviction. Specifically, Pugh argued that § 893.135(1)(b), Fla. Stat. (2001), does not qualify as a "serious drug offense" under the ACCA because *purchasing* cocaine—one of the elements of the Florida statute—does not satisfy the ACCA's

definition.  The district court denied Pugh's motion to strike.  His case proceeded to a bench trial, and he was found guilty on all counts.  Pugh was sentenced to 120 months' imprisonment, followed by eight years of supervised release.  He timely appealed.

## II.

We review de novo whether a state conviction qualifies as a serious drug offense under the ACCA.  *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

After the parties briefed their arguments on appeal, our court held Pugh's case in abeyance until the Florida Supreme Court issued a decision answering our certified questions in *United States v. Conage*, 976 F.3d 1244 (11th Cir. 2020) (*Conage I*).  *Conage I* presented the same issue as the one before us in Pugh's appeal.  The Florida Supreme Court has now answered our certified questions, *see Conage v. United States*, 346 So. 3d 594 (Fla. 2022) (*Conage II*), and we subsequently decided Conage's case, *see United States v. Conage*, 50 F.4th 81 (11th Cir. 2022) (per curiam) (*Conage III*).

In *Conage III*, we found the district court properly relied on the defendant's prior conviction under § 893.135(1)(b), Fla. Stat., as a serious drug offense for purposes of the ACCA.  *Conage III*, 50 F.4th at 82.  Following the Florida Supreme Court's guidance and our decision in *Conage III*, we hold that Pugh's conviction under § 893.135, Fla. Stat., qualifies as a serious drug offense for purposes of the ACCA and therefore affirm his sentence.

**AFFIRMED.**