[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12456

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LUIS ELIAS ANGULO LEONES,
JHONIS ALEXIS LANDAZURI ARBOLEDA,
DILSON DANIEL ARBOLEDA QUINONES,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:20-cr-00138-CEH-JSS-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Luis Elias Angulo Leones, Jhonis Alexis Landazuri Arboleda, and Dilson Daniel Arboleda Quinones (collectively, Defendants) appeal their convictions for conspiracy to distribute and possess with the intent to distribute cocaine while on a vessel subject to the jurisdiction of the United States and possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States. The Defendants contend the district court erred by admitting statements by Quinones in violation of *Bruton v. United States*, 391 U.S. 123 (1968), and subsequently declining to sever the joint trial. Individually, Landazuri asserts the district court abused its discretion by excluding statements Defendants made to Coast Guard personnel as hearsay, and contends we should reconsider our decision in *United States v. Obando*, 891 F.3d 929 (11th Cir. 2018), to find the Coast Guard lacked jurisdiction to board the Defendants' vessel under the Maritime Drug Law Enforcement Act (MDLEA). After review, we affirm the Defendants' convictions.

## I. DISCUSSION

### A. *Motion to Sever*

The Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted

with the witnesses against him." U.S. Const. amend. VI. In *Bruton*, the Supreme Court held the Confrontation Clause was violated by the admission of a codefendant's confession that inculpated the defendant at their joint trial, despite a curative instruction given to the jury. 391 U.S. at 126. The standard derived from *Bruton* and subsequent precedent is that the right to confront witnesses is violated when a court admits a codefendant's statement that, in light of the government's whole case, compels a reasonable person to infer the defendant's guilt. *United States v. Schwartz*, 541 F.3d 1331, 1351 (11th Cir. 2008). The Supreme Court recently determined the Confrontation Clause does not bar the admission of a non-testifying codefendant's confession where the confession did not directly inculpate the defendant and was subject to a proper limiting instruction. *Samia v. United States*, 143 S. Ct. 2004, 2010 (2023).

Under Rule 14(a), the district court may sever the defendants' trials if joinder appears to prejudice the defendants or the government. Fed. R. Crim. P. 14(a). We favor trying together those defendants who have been charged together and are reluctant to reverse a district court's denial of a motion for severance. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). A defendant claiming misjoinder must demonstrate that a joint trial will result in specific and compelling prejudice to his defense. *Id.*

The district court did not abuse its discretion[1] when it declined Leones and Landazuri's requests to exclude Quinones'

---

[1] We review a district court's decision to deny a motion to sever for an abuse of discretion. *United States v. Taylor*, 186 F.3d 1332, 1335 (11th Cir. 1999). We

statements or sever Quinones from the joint trial. Quinones' statements did not directly inculpate Leones or Landazuri. *See Samia*, 143 S. Ct. at 2010. In addition, Quinones did not obviously refer to the involvement of any other person in his statements, and the jury could not have immediately made such an inference. *See id.* at 2017 (noting *Bruton* applies where "[t]he inferences at issue . . . involve statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial"). The district court subjected the statements to the limiting jury instruction that any statement made by a defendant after arrest "is not evidence about any other Defendant." This cautionary jury instruction was sufficient to cure the potential inculpation of Leones and Landazuri. *See id.* at 2010. The Government's contention in its closing arguments—that all three Defendants were aware of the criminal purpose of the voyage—did not ask the jury to hold Quinones' statements against his codefendants and undo the effect of the limiting instruction. Rather, the Government refuted Leones and Landazuri's *mens rea* defense with agent testimony that suggested the complexity of the operation required all parties to be aware of the criminal operation, and individually addressed Quinones' statements as compounding proof of his own *mens rea*. Accordingly, the

---

also review evidentiary rulings, such as those on *Bruton* claims, for abuse of discretion. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).

statements were not admitted in violation of the Confrontation Clause. *See id.*

As to Quinones, the admission of his own statements cannot violate his Confrontation Clause rights. *See United States v. Curbelo*, 726 F.3d 1260, 1272 n.7 (11th Cir. 2013) ("[A] defendant's own admissions may be admitted against him without violating the Confrontation Clause."). Moreover, he does not have standing to argue his statements prejudiced his codefendants. *See United States v. Fredericks*, 586 F.2d 470, 480 (5th Cir. 1978)[2] (stating, in a criminal proceeding, "defendants do not have standing to assert in their own defense the denial of certain constitutional rights to others" (quotation marks omitted)). Further, the defenses were not mutually antagonistic because Leones and Landazuri were still free to argue they lacked the requisite *mens rea*, especially in light of the limiting instruction. *See United States v. Zafiro*, 506 U.S. 534, 538-39 (1993) (holding mutually antagonistic defenses are not prejudicial *per se* and stating limiting instructions are often sufficient to cure any risk of prejudice). While Quinones argues the evidence was prejudicial, evidence in criminal trials is inherently prejudicial and he has not shown the evidence was more prejudicial than probative. *See* Fed. R. Evid. 403 (providing otherwise admissible evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice); *United States v. King*, 713 F.2d 627, 631 (11th

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Cir. 1983) (explaining Rule 403 is an extraordinary remedy which should be used only sparingly, as relevant evidence in criminal trials is inherently prejudicial).  The admission of the statements was not fundamentally unfair because Defendants were put on notice the Government intended to monitor and potentially use their calls after the trial was continued.  Accordingly, we affirm as to this issue.

## B.  Hearsay

Hearsay is an out-of-court statement that is offered as evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  Hearsay evidence is generally inadmissible unless it falls under one of the stated exceptions to the hearsay rule. *See* Fed. R. Evid. 802.  However, an out-of-court statement that is either (1) offered to show its effect on the listener or (2) more in the nature of an order or a request that, to a large degree, is not even capable of being true or false, is not hearsay. *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015).

Rule 803(1) creates an exception for hearsay statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it," also known as "present sense impressions."  Fed. R. Evid. 803(1).  Likewise, Rule 803(2) creates an "excited utterance" exception for hearsay statements "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused."  Fed. R. Evid. 803(2).  Courts ruling on the exception should consider the totality of the circumstances to determine if the declarant was still under

the stress or excitement of the startling event at the time the statement was made. *United States v. Belfast*, 611 F.3d 783, 817 (11th Cir. 2010).

The district court did not abuse its discretion when it excluded Defendants' statements as hearsay. *See Rivera*, 780 F.3d at 1090 ("We ordinarily review a district court's evidentiary rulings for abuse of discretion."). The statements were offered to show the truth of the matter asserted within—specifically, that Defendants lacked *mens rea*. The argued hearsay exceptions do not apply because the statements were not made spontaneously and concerned earlier alleged events. *See* Fed. R. Evid. 803(1). Nor does the record indicate that Defendants were under the stress or excitement of the alleged events, given the totality of the circumstances. *See* Fed. R. Evid. 803(2); *Belfast*, 611 F.3d at 817. Boarding officers testified Defendants did not seek rescue or help, did not appear agitated or under duress when approached, and did not make their statements spontaneously. Accordingly, the district court did not abuse its discretion in determining that Defendants failed to establish a foundation for the present sense impression and excited utterance exceptions to hearsay. We affirm as to this issue.

## C. Obando *decision*

The MDLEA grants the United States extraterritorial jurisdiction over vessels that fail to make a claim of nationality. *Obando*, 891 F.3d at 933; 46 U.S.C. § 70502. The MDLEA provides three methods for making a claim of nationality:

(1) possession on board the vessel and production of documents evidencing the vessel's nationality as provided in article 5 of the 1958 Convention on the High Seas;

(2) flying its nation's ensign or flag; or

(3) a verbal claim of nationality or registry by the master or individual in charge of the vessel.

46 U.S.C. § 70502(e).  We held in *Obando* that a flag painted on the hull of a vessel is not "flying" the flag for the purpose of making a "claim of nationality or registry." *Obando*, 891 F.3d at 933.

Landazuri's claim is foreclosed because *Obando* remains binding precedent.  *See United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016) (stating the prior precedent rule requires us to follow a prior binding precedent unless it is overruled by this Court *en banc* or by the Supreme Court).  Accordingly, we affirm as to this issue.

## II.  CONCLUSION

The district court did not err in admitting Quinones' statements because the statements did not directly implicate Leones and Landazuri, and the court gave a limiting jury instruction to cure potential prejudice.  The district court did not abuse its discretion by excluding Defendants' statements because the statements were hearsay and Defendants failed to lay a proper foundation for their argued hearsay exceptions.  Finally, Ladazuri's jurisdictional claim is precluded by *Obando*.  Accordingly, we affirm.

**AFFIRMED.**