[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13772

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARCUS ALBERT RAMBO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20149-CMA-1

_____

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Marcus Rambo appeals his conviction for possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) is unconstitutional under the Commerce Clause and the Second Amendment, both facially and as applied to his conduct. The government, in turn, moves for summary affirmance.

We review the constitutionality of a statute de novo. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

Our binding precedent holds that 18 U.S.C. § 922(g) is constitutional under the Commerce Clause and the Second Amendment. In *United States v. McAllister*, we held that "§ 922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause," explaining that the statute's requirement of a connection to interstate commerce was sufficient to satisfy the "minimal nexus" requirement of the Commerce Clause. 77 F.3d 387, 389-90, 391 (11th Cir. 1996). The government proves a "minimal

---

[1] *Groendyke Transportation* is binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

nexus" to interstate commerce if it demonstrates—as Rambo concedes it did here—that the firearm was manufactured outside of the state where the offense took place and, thus, necessarily traveled in interstate commerce. *Wright*, 607 F.3d at 715–16. And in *United States v. Dubois*, we reaffirmed our earlier precedent holding that under *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." 94 F.4th 1284, 1292 (11th Cir. 2024) (quoting *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010)).

The prior precedent rule requires us to follow a prior binding precedent unless and until it is overruled by the Supreme Court or by this Court sitting en banc. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point," and it must "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation omitted). And to do that, "the later Supreme Court decision must 'demolish' and 'eviscerate'" each of the prior precedent's "fundamental props." *Dubois*, 94 F.4th at 1293 (quotation omitted). So, for example, our precedent relying on *Heller* for the proposition that "felons are categorically 'disqualified' from exercising their Second Amendment right" was not abrogated by a later Supreme Court decision (*New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)) that "repeatedly stated that its decision was faithful to *Heller*." *Id.*

The same principle applies here.  Rambo concedes that his Commerce Clause arguments are currently foreclosed by this Court's binding precedents.  And our binding precedents in *Dubois* and *Rozier* similarly foreclose his Second Amendment arguments. The Supreme Court's decision in *United States v. Rahimi* did not abrogate *Dubois* or *Rozier* because it did not "demolish" or "eviscerate" the "fundamental props" of those precedents.  *Rahimi* did not discuss § 922(g)(1) at all, nor did it undermine our previous interpretation of *Heller*.  To the contrary, *Rahimi* reiterated that prohibitions "like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'"  *United States v. Rahimi*, 144 S. Ct. 1889, No. 22-915, slip op., at 15 (June 21, 2024) (quoting *Heller*, 554 U.S. at 626).

Because the government is "clearly correct as a matter of law" that § 922(g)(1) is constitutional under the Commerce Clause and the Second Amendment facially and as applied to Rambo, we GRANT its motion for summary affirmance.  *See Groendyke Transp.,* 406 F.2d at 1162.

**AFFIRMED.**