[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14127

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALPHONSO COLUMBUS RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:22-cr-00010-AW-GRJ-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Alphonso Richardson appeals his sentence of 235 months of imprisonment for unlawful possession of a firearm and ammunition. At sentencing, the district court found that Richardson qualified for the fifteen-year enhanced minimum penalty under the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e), because he had at least three prior convictions for a violent felony or a serious drug offense. In doing so, the court relied on six prior convictions, all in Florida: three separate convictions for sale of cocaine; possession of cocaine with intent to sell; resisting an officer with violence; and sale, manufacture, delivery, or possession with intent to sell a controlled substance. On appeal, Richardson contends that all but one of his prior drug convictions do not qualify as ACCA predicate offenses. Because his arguments are foreclosed by recent binding precedent, we affirm.

**I.**

We review *de novo* whether a conviction qualifies as a serious drug offense under the ACCA. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "In conducting our review, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." *Id.* (quotation marks omitted).

The ACCA mandates a fifteen-year minimum sentence when a defendant convicted of unlawfully possessing a firearm has

three prior convictions for a violent felony or serious drug offense. *See* 18 U.S.C. § 924(e)(1).  The statute defines a "serious drug offense" as an offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))."  *Id.* § 924(e)(2)(A)(ii).

To determine whether a state conviction qualifies as a predicate offense under the ACCA, we follow what is described as a "categorical approach."  *White*, 837 F.3d at 1229.  Under this approach, we consider only the statutory definition of the offense, rather than the particular facts of the defendant's crime.  *Id.*

## II.

Richardson argues that he lacks the necessary qualifying ACCA predicate convictions for two reasons.  First, he says that his pre-2015 Florida cocaine offenses do not categorically qualify as "serious drug offenses" because he could have been convicted for substances that were not federally controlled when he committed the federal gun crime.  And second, he maintains that his convictions for sale of cocaine do not qualify as serious drug offenses because the proscribed conduct does not necessarily entail the "distribution" of a controlled substance.

## A.

Richardson contends that his pre-2015 cocaine-related convictions would not qualify as serious drug offenses based on the since-vacated decision in *United States v. Jackson ("Jackson I")*, 36 F.4th 1294, 1302 (11th Cir. 2022).  In *Jackson I*, we held that the

ACCA's definition of "serious drug offense" incorporated the version of the federal drug schedules in effect *when the defendant committed the federal gun offense for which he is being sentenced*. *Id.* at 1297, 1300. Applying that rule, along with the categorical approach, we concluded that the defendant's Florida cocaine-related convictions did not qualify as serious drug offenses because he could have been convicted for the cocaine-derivative ioflupane, which was not a controlled substance under federal law when the gun offense was committed. *Id.* at 1304.

As Richardson concedes, however, we *sua sponte* vacated *Jackson I* and issued a superseding opinion holding that the defendant's Florida cocaine-related convictions qualified as serious drug offenses under the ACCA. *Jackson II*, 55 F.4th at 861–62. We explained that Supreme Court precedent required us to hold that the ACCA's definition of a serious drug offense incorporates the version of the federal controlled substances schedules in effect *when the defendant was convicted of the prior state drug offense*. *Id.* at 854. In other words, whether ACCA applies "turn[s] on the law in effect when the defendant's prior convictions occurred," not at the time of the federal offense. *Id.* at 859. Because both the state and federal drug schedules included ioflupane at the time of the defendant's prior convictions, we found that they qualified as "serious drug offenses." *Id.* at 861–62.

The Supreme Court subsequently affirmed our decision in *Jackson II*. *Brown v. United States*, 144 S. Ct. 1195 (2024). The Court held that "a prior state drug conviction constitutes an ACCA

predicate if the drugs on the federal and state schedules matched when the state drug offense was committed," even if the schedules were later amended. *Id.* at 1208, 1210.

Here, Richardson's pre-2015 cocaine convictions are not overbroad. As in *Jackson II*, Richardson's convictions occurred when both the state and federal drug schedules included ioflupane. *See* 55 F.4th at 861–62 & 851 n.3. In other words, "the drugs on the federal and state schedules matched when the state drug offense[s] w[ere] committed." *Brown*, 144 S. Ct. at 1207. Thus, Richardson's challenge is foreclosed.

**B.**

In the alternative, Richardson contends that sale of cocaine under Florida law does not categorically qualify as a serious drug offense because it includes the mere attempted transfer of cocaine, and, therefore, criminalizes a broader range of conduct than encompassed by the ACCA's definition.

While Richardson's appeal was pending in this Court, we rejected an identical challenge in *United States v. Penn* and held that Florida convictions for sale of cocaine categorically qualify as serious drug offenses for purposes of the ACCA. 63 F.4th 1305, 1310–17 (11th Cir. 2023). In so holding, we rejected the identical arguments that Richardson makes here. *See id.* at 1316–17.

Specifically, we rejected the argument that the sale of cocaine under Florida law—which includes attempted transfers— does not satisfy the requirements set forth in *Shular v. United States*, 589 U.S. 154 (2020), because the attempted transfer of a controlled

substance does not "necessarily entail" the conduct of distributing. *Penn*, 63 F.4th at 1316. We reasoned that "distribution" under the ACCA's definition included attempted transfers, *id.* at 1312–13, so there was "a perfect match between what the state offense proscribes and what is 'distributing,'" *id.* at 1316. As a result, we said, "*Shular*'s reading of 'involving' as 'necessarily entails' has no bearing on this case." *Id.* at 1316.

Likewise, we also rejected the argument that sale of cocaine under Florida law could not be a serious drug offense because an attempted transfer was an inchoate offense. *See id.* at 1316–17; *cf. United States v. Dupree*, 57 F.4th 1269, 1277–79 (11th Cir. 2023) (*en banc*) (interpreting similar language to that of § 924(e)(2)(A)(ii) in U.S.S.G. § 4B1.2 to exclude inchoate offenses). We reasoned that "the attempted transfer of drugs forms part of the completed sale-of-drugs offense under Florida law," and so was "not an inchoate offense under Florida law." *Penn*, 63 F.4th at 1317.

We are bound by our decision in *Penn*, which squarely forecloses Richardson's arguments. *See White*, 837 F.3d at 1229. Richardson does not suggest otherwise, even if he believes *Penn* was wrongly decided.

In sum, we affirm Richardson's sentence.

**AFFIRMED.**