**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-13215

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JORDAN JYSAE PULIDO,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00292-VMC-CPT-1

————————————————

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Jordan Pulido appeals his convictions for transporting a minor with the intent to engage in criminal sexual activity and conspiring to transport a minor with the intent to engage in criminal

sexual activity. Pulido argues that the indictment was insufficient because it failed to identify the specific criminal sexual offenses serving as the predicate for these charges under 18 U.S.C. § 2423(a).

Summary disposition is appropriate where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groen-dyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We "review the district court's denial of a motion to dismiss the indictment for abuse of discretion" and the sufficiency of an indictment de novo. *United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011) (quoting *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002)). "An indictment 'is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Chalker*, 966 F.3d 1177, 1190 (11th Cir. 2020) (quoting *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002)).

Section 2423(a) imposes criminal penalties upon "[a] person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent

that the individual engage . . . in any sexual activity for which any person can be charged with a criminal offense."    18 U.S.C. § 2423(a).  In *Doak*, we held that an indictment containing charges of § 2423(a) is legally sufficient even if it omits the criminal sexual offenses underpinning those charges.  *United States v. Doak*, 47 F.4th 1340, 1352-53 (11th Cir. 2022).  We reasoned that those underlying offenses are not essential elements of § 2423(a), but rather a means of showing an essential element, specifically, that the defendant intended to commit a criminal sexual offense.  *Id.*  While we stated that "it is best practice to include the statutes criminalizing the sexual activity," we clarified that doing so was not mandatory.  *Id.* at 1353.

Under the law-of-the-case doctrine, findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal unless there is new evidence, an intervening change in controlling law that dictates a different result, or the appellate decision would cause manifest injustice because it is clearly erroneous.  *Stout by Stout v. Jefferson Bd. of Educ.*, 882 F.3d 988, 1014 (11th Cir. 2018).

We are bound to adhere to our prior panel precedent unless that precedent has been abrogated by this Court sitting en banc or by the Supreme Court.  *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

Here, we conclude that summary affirmance is warranted because the government has met its burden of showing that its position is correct as a matter of law.  *Doak*, which forecloses Pulido's argument, is binding under the prior precedent rule.  Moreover, because we affirmed Pulido's convictions under § 2423(a) during his first appeal, summary affirmance is also warranted under the law-of-the-case doctrine.

**AFFIRMED.**