[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13893
Non-Argument Calendar
_____

D.C. Docket No. 9:19-cr-80087-RLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRELL DONTE CURRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 4, 2020)

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Tyrell Curry appeals his 180-month sentence of imprisonment for possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Curry asserts that the district court improperly classified him as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on its conclusion that Curry's prior Florida drug convictions under Fla. Stat. § 893.13 qualified as "serious drug offense[s]." Specifically, Curry argues that his convictions didn't qualify because convictions under Chapter 893 of the Florida Statutes lack a *mens rea* requirement with respect to the substances' illicit nature, as required by generic drug offenses. After careful review, we affirm.[1]

The ACCA mandates a 15-year minimum sentence for a defendant convicted of possession of a firearm as a convicted felon who has at least three convictions for a "serious drug offense" or "violent felony." 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined, in relevant part, as an offense under state law, punishable by at least ten years of imprisonment, "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." *Id.* § 924(e)(2).

---

[1] We review *de novo* whether a conviction qualifies as a serious drug offense under the ACCA. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

2

In *United States v. Smith*, we held that a prior conviction under Fla. Stat. § 893.13 is a "serious drug offense" under the ACCA and a "controlled substance offense" under U.S.S.G. § 4B1.2(b).  775 F.3d 1262, 1268 (11th Cir. 2014).  We concluded that we needn't look to the generic definitions of "serious drug offense" and "controlled substance offense" because those terms were defined and "[n]o element of *mens rea* with respect to the illicit nature of the controlled substance is expressed or implied by either definition."  *Id.* at 1267.  We also rejected the argument that the presumption in favor of mental culpability and the rule of lenity required us to imply an element of the federal definitions because neither definition was ambiguous.  *Id.*  Three years later, in *United States v. Pridgeon*, we rejected the argument that *Smith* was wrongly decided on the ground that a conviction under § 893.13 doesn't include a *mens rea* element as to the illicit nature of the controlled substance and affirmed *Smith*'s holding that convictions under § 893.13 qualify as "controlled substance offense[s]."  853 F.3d 1192, 1200 (11th Cir. 2017).

Following our decision in *Smith*, the Supreme Court held in *Elonis v. United States* that 18 U.S.C. § 875(c), which proscribes certain threats, required that the defendant be aware of the threatening nature of the communication.  135 S. Ct. 2001, 2004, 2012 (2015).  The Supreme Court stated that, when interpreting federal criminal statutes that are silent on the required mental state, it reads into the

3

statute "only that *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct." *Id.* at 2010 (quotation marks omitted).

Then, in *McFadden v. United States*, the Supreme Court held that the government must prove that a defendant knew he was dealing with a controlled substance to convict him in prosecutions involving a controlled substance analogue, such as bath salts. 576 U.S. 186, 188–89 (2015). The Court stated that the government can meet the knowledge requirement by showing that the defendant possessed an analogue substance with knowledge of its features as explained in the Controlled Substances Act—*e.g.*, having a stimulant, depressant, or hallucinogenic effect. *Id.* at 194–95. The Supreme Court explained that a "defendant who possesses a substance with knowledge of those features knows all of the facts that make his conduct illegal, just as a defendant who knows he possesses heroin knows all of the facts that make his conduct illegal." *Id.*

Finally, in *Shular v. United States*, the Supreme Court affirmed a decision of this Court applying *Smith* to conclude that a prior drug conviction under Fla. Stat. § 893.13 qualified as a "serious drug offense" within the meaning of the ACCA. 140 S. Ct. 779, 782–84 (2020). The petitioner there argued that a court should look to the elements of the generic offenses listed in the "serious drug offense" definition and that those generic offenses include a *mens rea* element of knowledge that the substance was illicit. *Id.* at 782. But the Supreme Court held that a court

4

determining whether a predicate offense qualifies as a serious drug offense need only consider whether the predicate offense's elements necessarily entail the types of conduct identified in the ACCA definition, rather than engage in a "generic-offense matching exercise." *Id.* at 784 (quotation marks omitted). The Supreme Court also noted that the petitioner overstated Florida's disregard for *mens rea* in § 893.13 because "a defendant unaware of the substance's illicit nature can raise that unawareness as an affirmative defense, in which case the standard jury instructions require a finding of knowledge beyond a reasonable doubt." *Id.* at 787.

Under the prior-panel-precedent rule, an earlier panel's holding is binding on all subsequent panels unless the Supreme Court or this Court sitting *en banc* overrules it. *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted). Additionally, it must "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id.*

Here, the district court did not err in classifying Curry's prior drug convictions under Fla. Stat. § 893.13 as "serious drug offenses" for ACCA purposes. Curry's argument that his prior Chapter 893 convictions are not serious

5

drug offenses because the state law lacked a *mens rea* element is foreclosed by this Court's decision in *Smith*. *See Smith*, 775 F.3d at 1267; *Jordan*, 635 F.3d at 1189. Curry's assertion that *Shular* didn't address whether the career-offender guideline requires a predicate offense to have an element of *mens rea* regarding the illicit nature of the controlled substance is irrelevant because *Shular* would have had to abrogate or directly conflict with *Smith* for this Court not to apply the prior-panel-precedent rule. *See Kaley*, 579 F.3d at 1255.

Additionally, Curry has not shown that *Elonis* or *McFadden* overruled or abrogated *Smith* because neither decision is clearly on point. *Elonis* and *McFadden* both concerned the *mens rea* required to convict a defendant under certain statutes and didn't address the interpretation of "serious drug offense" in the context of a sentencing enhancement or whether its definition included a *mens rea* requirement. *See Elonis*, 135 S. Ct. at 2010; *McFadden*, 576 U.S. at 188.

Accordingly, the district court didn't err in classifying Curry's prior drug convictions under Fla. Stat. § 893.13 as serious drug offenses because Curry's argument is foreclosed by *Smith*, which was not overruled or abrogated by *Shular*, *Elonis*, or *McFadden*.

**AFFIRMED.**

6