[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13884

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KURT BATUCAN SHELDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cr-00118-TJC-MCR-1

_____

Before ROSENBAUM, JILL PRYOR, and TJOFLAT, Circuit Judges.

PER CURIAM:

Kurt Batucan Sheldon appeals his 262-month sentence, which represents a downward variance from the 840-month guidelines sentence, for producing and distributing child pornography. Sheldon contends that the District Court erred in two ways: first, by imposing an unreasonable sentence, and second, by violating the Eighth Amendment's prohibition against cruel and unusual punishment.

But Sheldon's procedural reasonableness argument is foreclosed by our established precedent and his substantive reasonableness claim lacks merit because the District Court duly considered the 18 U.S.C. § 3553(a) sentencing factors. As for his Eighth Amendment argument, it fails because Sheldon cites no binding precedent establishing that a sentence below the guidelines violates the Eighth Amendment. Consequently, we affirm.

## I. Background

In late May 2020, a Clay County Sheriff's Office (CCSO) Deputy learned that a 12-year-old minor victim (MV) had exchanged sexually explicit messages, pictures, and videos with an adult male. This interaction began when MV posted on social media seeking friends and an individual with the username "K t" responded. MV told "K t" that she was fifteen and "K t" told her that he was twenty-five to twenty-nine years old. The conversation became sexual when they began messaging on Snapchat. During

their interactions, "K t" persuaded MV to send over fifty explicit pictures and videos.

Federal law enforcement tracked the IP address connected to the Snapchat account and found it was assigned to Sheldon's address in Interlachen, Florida. Law enforcement searched Sheldon's bedroom and found a thumb drive with multiple videos and images of child pornography.

In an interview, Sheldon estimated that he asked at least ten girls he knew to be underage to send him sexually explicit images, including MV. Sheldon also admitted that he had been viewing child pornography for several years, was sexually attracted to children, and masturbated while viewing child pornography. At least 1,070 images and 210 videos of child pornography were discovered on Sheldon's electronic devices.

In 2022, Sheldon pleaded guilty to one count of producing child pornography and two counts of distribution. At sentencing, neither party objected to the presentence investigation report, which gave Sheldon a total offense level of forty-three and a criminal history category I. The guidelines were capped at the statutory maximum of 840 months' imprisonment.

The Government recommended a sentencing range of 292 to 365 months, underscoring Sheldon's progression from viewing to producing child pornography and using social media to groom minors. Sheldon sought a downward variance to the fifteen-year mandatory minimum. He argued that this was his first criminal offense, that the sentencing guidelines should carry minimal

weight because they were "skewed," that the Government's recommendation amounted to a life sentence, and emphasized his acceptance of the nature and circumstances of the offense.

The District Court acknowledged the gravity of the case, describing it as "child pornography of the worst order." While recognizing that mere gratification from viewing such material is concerning, the District Court emphasized that Sheldon took it further by grooming MV, escalating from innocent conversations to explicit sexual acts. The District Court found that Sheldon's history and characteristics, including his major depressive disorder, were not "completely remarkable" and that many with such a disorder don't engage in child pornography. The District Court acknowledged Sheldon's forthrightness with law enforcement and genuine remorse. Still, it stressed the need for a sentence that reflected the seriousness of the offense and provided accountability. The District Court expressed uncertainty about Sheldon's low risk of recidivism and underscored the importance of public protection in determining the sentence. The District Court agreed that the sentencing guidelines were "not very helpful" here. However, it disagreed that the Government's recommended sentence was "a life sentence."

Ultimately, the District Court sentenced Sheldon to 262 months' imprisonment followed by a life term of supervised release. Sheldon objected to the reasonableness of his sentence and now appeals.

## II.  Discussion

### A.  Reasonableness

Sheldon argues that his sentence is procedurally unreasonable.  He says U.S. Sent'g Guidelines Manual (U.S.S.G.) § 2G2.2 (U.S. Sent'g Comm'n 2021)—used to calculate his offense level—concentrates all offenders at or near the statutory maximum, which contravenes § 3553's requirements.  He argues we should invalidate U.S.S.G. § 2G2.2, citing a 2012 Sentencing Commission report regarding the sentencing disparities among nonproduction child pornography defendants.  He concedes we rejected this argument in *United States v. Cubero*, 754 F.3d 888 (11th Cir. 2014), but asks us to reexamine it.

We review the reasonableness of a sentence for an abuse of discretion.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  Reviewing reasonableness is a two-part process that requires us to ensure that the District Court did not commit a significant procedural error and that the sentence is substantively reasonable under the totality of the circumstances.  *Id.*  The party challenging the sentence bears the burden of showing unreasonableness.  *Id.*

We will hold that a significant procedural error has been made if a district court calculates the guidelines incorrectly, disregards the § 3553(a) factors, bases the sentence on clearly erroneous facts, neglects to explain the sentence, or treats the guidelines as mandatory rather than advisory.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Or if it treats the guidelines as presumptively reasonable. *United States v. Hill*, 643 F.3d 807, 880 (11th Cir. 2011).

In *Cubero*, this Court addressed child pornography cases specifically when it discussed a Sentencing Commission report on the deficiencies of the child pornography guideline provisions. 754 F.3d at 900. We held that the report did not affect the validity of § 2G2.2 in nonproduction child pornography cases. *Id.* As Sheldon recognizes, this forecloses his § 2G2.2 argument. We are bound by the prior panel precedent rule because *Cubero* has not been overruled by the Supreme Court or this Court sitting en banc. *See United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016) (per curiam). The District Court didn't treat the guidelines as mandatory or presumptively reasonable. It explicitly acknowledged that the guidelines were "not very helpful," which explains its substantial downward variance.

Nor has Sheldon shown his 262-month sentence is substantively unreasonable. Sheldon argues that the District Court gave undue weight to his offense conduct—particularly his admission that he had been engaging in the conduct several years before his arrest—and not enough weight to his personal history and characteristics. He asserts that the District Court was too concerned with punishing him for his three-year involvement in child pornography. He also argues that the District Court failed to give sufficient weight to his individual history and the nature of the charges against him and that the recidivist offender guidelines overrepresent his criminal history.

We will not substitute our judgment for that of the sentencing court. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1257

(11th Cir. 2015).  The question is whether the District Court's decision was "in the ballpark of permissible outcomes."  *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)).  Likewise, a district court's imposition of a sentence well below the statutory maximum penalty indicates reasonableness.  *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

The District Court did not exclusively rely on Sheldon's three-year involvement with child pornography to the exclusion of mitigating factors.  Instead, it grappled with the gratification that Sheldon received from viewing child pornography and the escalation from viewing child pornography to grooming MV to perform sexual acts, which the District Court saw as "child pornography of the worst order."  It considered the overarching goals of sentencing, focusing on the need to provide "accountability" and a public protection component—as the court was unconvinced of Sheldon's low risk for recidivism.  It balanced these circumstances and goals against mitigating factors such as Sheldon's personal history and characteristics, willingness to be forthright, and genuine remorse.

Although Sheldon had no criminal history, which would otherwise be a mitigating factor, the District Court found this factor was undermined by the facts of his case.  The District Court noted the aggravating circumstance of grooming a minor, which it deemed an "escalation."  The weight given to each factor is left to the District Court's discretion and it did not abuse that discretion in deciding that the factors weighed in favor of a variance below

the guidelines, but less than the one Sheldon requested. Further, Sheldon's 262-month sentence was a substantial downward variance from the 840-month guidelines calculation—another indication of reasonableness.

## C. Eighth Amendment

Sheldon argues that his sentence violates the Eighth Amendment. He says that his 262-month sentence is excessive and grossly disproportional because he was a first-time offender with nonviolent offenses. An Eighth Amendment challenge raised for the first time on appeal is reviewed for plain error. *United States v. Suarez*, 893 F.3d 1330, 1335 (11th Cir. 2018). Sheldon did not make his constitutional arguments to the District Court, so we review them for plain error.

There can be no plain error when the issue is not directly resolved by law from the Supreme Court or this Court. *United States v. Johnson*, 981 F.3d 1171, 1191 (11th Cir. 2020). Sheldon has identified no binding precedent under which the Supreme Court or this Court has found that a sentence below the guideline range and well below the applicable statutory maximum violated the Eighth Amendment. Therefore, he cannot show plain error. *See Johnson*, 981 F.3d at 1191. The District Court's judgment is

**AFFIRMED.**