[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10247

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEVON MAURICE GRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20258-BB-1

_____

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Devon Gray appeals his conviction for possession of a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Gray argues that his conviction should be vacated on the ground that § 922(g)(1) facially violates the Second Amendment as interpreted in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). We decided Gray's case, but the Supreme Court vacated our decision for further consideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). *See United States v. Gray*, No. 23-10247, 2024 WL 4647991 (11th Cir. Nov. 1, 2024), *cert. granted, judgment vacated*, No. 24-6451, 2025 WL 1020352 (U.S. Apr. 7, 2025). After further review, we affirm the district court's judgment.

In addressing Gray's Second Amendment challenge, we begin with *District of Columbia v. Heller*, 554 U.S. 570 (2008). The Supreme Court explained that the Second Amendment right to bear arms presumptively "belongs to all Americans" but "is not unlimited."[1] *Id.* at 581, 626. The Court noted that, while it "[did] not

---

[1] We review the constitutionality of a statute de novo. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). A criminal defendant's guilty plea does not bar a subsequent constitutional challenge to the statute supporting the conviction. *Class v. United States*, 583 U.S. 174, 178 (2018).

undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626.

After the Court's decisions in *Heller* and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), which held that Second Amendment protections apply to state and local governments by dint of the Fourteenth Amendment, courts of appeals used a two-step framework in assessing Second Amendment challenges: (1) determine whether the challenged law regulates activity within the scope of the right to bear arms based on its original historical meaning; and (2) if so, apply means-end scrutiny to test the law's validity. *See Bruen*, 597 U.S. at 18–19.

In *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010) (per curiam), we addressed the constitutionality of § 922(g)(1). We held that statutory restrictions such as § 922(g)(1) provide "a constitutional avenue to restrict the Second Amendment right of certain classes of people," including felons. 598 F.3d at 771. Our reasoning did not employ means-end scrutiny; instead, we recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id.* (citation modified). We explained that *Heller* suggested that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* And we concluded that

Rozier's arguments, including that he wanted to possess firearms for the purpose of self-defense, were immaterial because felons *as a class* could be validly excluded from firearm possession under the Second Amendment. *Id.* at 770–71.

Twelve years later, in *Bruen*, the Supreme Court replaced the means-ends approach to Second Amendment challenges. 597 U.S. at 19. Under *Bruen*, courts must first ask whether the contested firearm regulation covers conduct that falls within the plain text of the Second Amendment. *Id.* at 17. If the regulation limits covered activity, it should be upheld only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. The Court in *Bruen*, as it had previously in *Heller*, referenced the Second Amendment right as it pertains to "law-abiding, responsible citizens." *Id.* at 26, 38 n.9, 70; *Heller*, 554 U.S. at 635.

In *United States v. Dubois*, we rejected a defendant's Second Amendment challenge to § 922(g)(1). 94 F.4th 1284, 1291–93 (11th Cir. 2024) (*Dubois I*), *vacated by Dubois v. United States*, 145 S. Ct. 1041 (2025), *and reinstated by United States v. Dubois*, No. 22-10829, 2025 WL 1553843 (11th Cir. June 2, 2025) (*Dubois II*). We held (1) that *Bruen* did not abrogate our precedent in *Rozier* because the Supreme Court made clear that *Heller* did not cast doubt on felon-in-possession prohibitions and (2) that its holding in *Bruen* was consistent with *Heller*. *Dubois I*, 94 F.4th at 1293. We noted that *Rozier* interpreted *Heller* as limiting the Second Amendment right to "law-abiding and qualified individuals" and as "clearly excluding

23-10247                Opinion of the Court                5

felons from those categories by referring to felon-in-possession bans as presumptively lawful." *Id*. (citation modified). We held that clearer Supreme Court guidance was necessary before we could reconsider § 922(g)(1)'s constitutionality and, accordingly, that we were still bound by *Rozier* under the prior-panel-precedent rule. *Id*. Dubois's challenge based on the Second Amendment therefore failed. *Id*.

The Supreme Court granted certiorari in *Dubois*, vacated our judgment, and remanded "for further consideration in light of *Rahimi*, 602 U.S. at 680."[2] *Dubois*, 145 S. Ct. at 1041–42. On remand, we held that *Rahimi* did not abrogate our holding in *Rozier* and that § 922(g)(1)'s ban on felon firearm possession was permitted under the Second Amendment, and we "reinstate[d] our previous opinion and affirm[ed] [the defendant's] convictions and sentence." *Dubois II*, 2025 WL 1553843, at *1.

Gray's facial challenge to the constitutionality of § 922(g)(1) thus fails, as it is foreclosed by our holdings in both *Rozier*, which held that § 922(g)(1) does not violate the Second Amendment, and *Dubois II*, which held that neither *Bruen* nor *Rahimi* abrogated *Rozier*. *Rozier*, 598 F.3d at 770–71; *Dubois II*, 2025 WL 1553843, at *1. The prior-panel-precedent rule requires us to follow a prior

---

[2] In *Rahimi*, the Supreme Court applied the *Bruen* methodology to evaluate the constitutionality of 18 U.S.C. § 922(g)(8). 602 U.S. at 692–702. It held that § 922(g)(8) did not facially violate the Second Amendment because regulations prohibiting the misuse of firearms by those whom a court has found to pose a credible threat of harm to others are part of this country's historical tradition. *Id*. at 702.

panel's holding unless it is overruled by this Court en banc or abrogated by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

Gray's challenge to the constitutionality of § 922(g)(1) is foreclosed by our precedent. Accordingly, we affirm.

**AFFIRMED.**