**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10732
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DERRICK FITZGERALD DIAL,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00146-JB-N-1
_____

**ON REMAND FROM THE SUPREME COURT OF THE
UNITED STATES**

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Derrick Dial appeals his conviction for possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). He challenges the constitutionality of the prohibition on felons possessing firearms and ammunition. After we affirmed his conviction, the Supreme Court vacated our decision and remanded the case for further consideration in light of its decision in *United States v. Rahimi*, 602 U.S. 680 (2024). *See United States v. Dial*, No. 24-10732, 2024 WL 5103431 (11th Cir. Dec. 13, 2024) (unpublished), *vacated*, 145 S. Ct. 2697 (2025). After further consideration, we affirm.

## I.

When police officers observed a vehicle driven by Dial commit a traffic violation, they initiated a traffic stop. During the traffic stop, the officers smelled marijuana. They searched the vehicle and found a firearm and ammunition.

Dial, who had previous felony convictions, was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the indictment, arguing that the statutory ban on the possession of firearms by felons violated the Second Amendment. After the district court denied the motion to dismiss, Dial pleaded guilty. The court imposed a sentence of 77 months' imprisonment.

## II.

Ordinarily, when a defendant enters a valid guilty plea, he waives any non-jurisdictional defects in the proceedings. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). But Dial's guilty plea did not waive his constitutional challenge to the

statutory prohibition on felons' possession of firearms. *See Class v. United States*, 583 U.S. 174, 181 (2018) (holding that a defendant who pleaded guilty did not waive his Second Amendment challenge to a statute of conviction when the claim did not "contradict the terms of the indictment or the written plea agreement").

We review *de novo* the constitutionality of a statute. *United States v. Gruezo*, 66 F.4th 1284, 1292 (11th Cir. 2023).

### III.

Dial challenges the constitutionality of 18 U.S.C. § 922(g)(1), which generally prohibits individuals with felony convictions from possessing firearms or ammunition. He argues that this prohibition runs afoul of the Second Amendment, which states that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

To assess the constitutionality of the prohibition on felons possessing firearms, we begin with the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Heller*, the Court considered a Second Amendment challenge to a District of Columbia law that barred the possession of handguns in homes. *Id.* at 635. After considering both the text and history of the Second Amendment, the Court concluded that it conferred on an individual a right to keep and bear arms. *Id.* at 595. The Court held that the ban on handgun possession in the home violated the Second Amendment. *Id.* at 635. But it acknowledged that the right to keep and bear arms was "not unlimited," stating that "nothing in [its]

opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 626. Indeed, the Court labeled such restrictions as "presumptively lawful." *Id.* at 627 n.26.

After *Heller*, we considered a constitutional challenge to § 922(g)(1)'s prohibition on felons' possession of firearms. *See United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010). We held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* at 771. In reaching this conclusion, we looked to the Supreme Court's statement in *Heller* that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id.* (citation modified).

Several years later, the Supreme Court considered a Second Amendment challenge to New York's gun-licensing regime that limited when a law-abiding citizen could obtain a license to carry a firearm outside the home. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 11 (2022). The Court recognized that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10. It explained that to determine whether a restriction on the possession of firearms was constitutional, a court must begin by asking whether the restriction at issue governs conduct that falls within the plain text of the Second Amendment. *Id.* at 17. If a restriction covers such conduct, a court may uphold it only if the government "affirmatively prove[s] that its firearms regulation is part of the historical

tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. Like *Heller*, *Bruen* described Second Amendment rights as extending only to "law-abiding, responsible citizens." *Id.* at 26 (citation modified).

Based on *Bruen*, Dial argues that § 922(g)(1)'s prohibition on felons' possession of firearms is unconstitutional because the statute "flunks *Bruen*'s text-and-history test." Appellant's Br. 8. His argument is foreclosed by precedent.

After *Bruen*, we considered another Second Amendment challenge to § 922(g)(1). *See United States v. Dubois* (*Dubois I*), 94 F.4th 1284 (11th Cir. 2024), *vacated*, *Dubois v. United States* (*Dubois II*), 145 S. Ct. 1041 (2025), *reinstated by*, *United States v. Dubois* (*Dubois III*), 139 F.4th 887 (11th Cir. 2025). In *Dubois I*, we concluded that *Bruen* did not abrogate our decision in *Rozier*, observing that even in *Bruen* the Supreme Court continued to describe the right to bear arms as extending only to "law-abiding, responsible citizens." *Id.* at 1293 (citation modified). We stated that "clearer instruction from the Supreme Court" was needed before we could reconsider § 922(g)(1)'s constitutionality. *Id.* Accordingly, we held that we remained bound by *Rozier*. *Id.*

In *Rahimi*, the Supreme Court considered a Second Amendment challenge to a federal statute prohibiting an individual who is subject to a domestic violence restraining order from possessing a firearm when the order includes a finding that the individual represents a credible threat to the safety of an intimate partner or a child of that partner or individual. *See* 602 U.S. at 684–85, 693 (citing

18 U.S.C. § 922(g)(8)). It held that this restriction was constitutional. *Id.* at 693. And it once again declared that the prohibition on "the possession of firearms by 'felons' . . . [is] 'presumptively lawful.'" *Id.* at 699 (quoting *Heller*, 554 U.S. at 626, 627 n.26).

After deciding *Rahimi*, the Supreme Court vacated our decision in *Dubois I* and remanded the case for further consideration. *See Dubois II*, 145 S. Ct. at 1041–42. On remand, we held that *Rahimi* "did not abrogate our holding in *Rozier* that section 922(g)(1) is constitutional under the Second Amendment." *Dubois III*, 139 F.4th at 889. We reasoned that "[t]he only time that the *Rahimi* majority mentioned felons was to reiterate *Heller*'s conclusion that prohibitions on the possession of firearms by felons and the mentally ill are presumptively lawful." *Id.* at 893 (citation modified). We explained that "*Rahimi* reinforced—not undermined—*Rozier*." *Id.* We "reinstate[d] our prior decision and affirm[ed]" the defendant's convictions and sentence. *Id.* at 894.

Dial's challenge to § 922(g)(1) fails. We reach this conclusion based on our decision in *Dubois III*, in which we held that neither *Bruen* nor *Rahimi* abrogated *Rozier*. *Dubois III*, 139 F.4th at 889. Our prior-panel-precedent rule requires us to follow *Dubois III* because it has not been overruled by this Court sitting en banc or abrogated by the Supreme Court. *See United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). We thus affirm Dial's conviction.

**AFFIRMED.**