**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-13644
Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

FRANKLIN BONILLA-FROMETA,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20184-RKA-2

_____

_____

No. 23-13645
Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

2                    Opinion of the Court                    23-13644

*versus*

JOSE FERMIN MATOS-PERALTA,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20184-RKA-1

_____

Before ROSENBAUM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Franklin Bonilla-Frometa and Jose Matos-Peralta appeal their convictions under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501 *et seq.*, for possessing and conspiring to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States. Both appellants argue that the MDLEA is unconstitutional as applied to them because their offense took place within Colombia's Exclusive Economic Zone ("EEZ"), and, therefore, did not occur on the "high Seas" as used in the Felonies Clause of the United States Constitution. In addition, Matos-Peralta argues that the application of the MDLEA to his conduct exceeds Congress's power to define offenses under the Felonies Clause and violates his right to due process because his offense lacked a sufficient nexus to the United States.[1] The

_____

[1] Bonilla-Frometa also claims, in his "Summary of the Arguments," that his conviction must be vacated because the government lacked jurisdiction over

23-13644                 Opinion of the Court                    3

government, in turn, moves for summary affirmance.  After careful review, we grant the government's motion.

Summary disposition is appropriate either where time is of the essence, or where one of the parties is clearly correct as a matter of law such that there is no substantial question with respect to the outcome of the case.  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]  When a motion to dismiss an indictment is based on subject matter jurisdiction, we review the district court's denial of the motion *de novo*.  *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024), *cert. denied*, No. 24-6177 (U.S. May 19, 2025). We also review a district court's interpretation of the constitutionality of a statute *de novo*.  *Id*.  We are bound to adhere to our prior panel precedent unless that precedent has been abrogated by this Court sitting *en banc* or by the Supreme Court.  *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

In *Alfonso*, we rejected the argument that the MDLEA was unconstitutional as applied to the defendants because the definition of "high Seas" under the Felonies Clause was limited by international law and foreign nations' EEZs were not part of the high Seas

---

him and his prosecution violated his right to due process.  But because he does not cite any legal authority in support of these arguments and does not raise them in the argument section of his brief, he has abandoned them.  *See United States v. Corbett*, 921 F.3d 1032, 1043 (11th Cir. 2019).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

under international law.  104 F.4th at 821–27.  We explained that, based on the Founding-era concept of the "high Seas," foreign nations' EEZs are part of the "high Seas" under the Felonies Clause, and that customary international law does not limit the Felonies Clause.  *Id.*  Thus, we concluded, the MDLEA could be constitutionally enforced in EEZs.  *See id.*

In *United States v. Cabezas-Montano*, we held that the MDLEA is a valid exercise of congressional power under the Felonies Clause even as applied to trafficking offenses that lack a nexus to the United States.  949 F.3d 567, 586–87 (11th Cir. 2020).  We also held that the prosecution of non-citizens for trafficking on the high Seas under the MDLEA does not violate the Due Process Clause.  *Id.*

Here, the government's position is clearly correct as a matter of law because the appellants' arguments are foreclosed by binding precedent.  *Groendyke*, 406 F.2d at 1162.  As we've noted, *Alfonso* held that the MDLEA could properly be enforced in EEZs and squarely rejected the argument, which both appellants raise, that the definition of the "high Seas" under the Felonies Clause is limited by international law.  *See Alfonso*, 104 F.4th at 821–27.  Moreover, *Cabezas-Montano* rejected the arguments, raised by Matos-Peralta, that the MDLEA exceeds Congress's power under the Felonies Clause as applied to trafficking offenses that lack a nexus to the United States and that the prosecution of non-citizens for trafficking on the high Seas violates their right to due process.  *Cabezas-Montano*, 949 F.3d at 586–87.  We are bound to adhere to those decisions unless and until they are abrogated by the Supreme Court

23-13644                 Opinion of the Court                        5

or this Court siting *en banc*, which has not happened. *White*, 837 F.3d at 1228. Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *Groendyke*, 406 F.2d at 1162.

**AFFIRMED.**