**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13321
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN ANTHONY JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:23-cr-00468-CLM-GMB-1

_____

Before LAGOA, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Ryan Anthony Johnson appeals his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Johnson argues that the district court erred in denying his motion

to dismiss his indictment because § 922(g)(1) is unconstitutional both facially and as applied to him under the Second Amendment. After Johnson filed his initial brief on appeal, the government moved for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review challenges to the constitutionality of a statute de novo. *United States v. Fleury*, 20 F.4th 1353, 1362 (11th Cir. 2021).

We are bound to adhere to our prior panel precedent unless that precedent has been abrogated by this Court sitting en banc or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (citation modified). To abrogate precedent, the Supreme Court must also "demolish and eviscerate each of its fundamental props." *United States v. Dubois* (*Dubois II*), 139 F.4th 887, 893 (11th Cir. 2025) (citation modified).

The Second Amendment protects the right to keep and bear arms. U.S. Const. amend. II. The federal felon-in-possession statute prohibits anyone who has been convicted of a crime punishable

by more than one year of imprisonment from keeping a firearm or ammunition. 18 U.S.C. § 922(g)(1).

In *District of Columbia v. Heller*, the Supreme Court ruled a District of Columbia law that prohibited private possession of handguns unconstitutional and held that law-abiding citizens have a Second Amendment right to possess handguns in the home for self-defense. 554 U.S. 570, 635-36 (2008). The Court cautioned that the Second Amendment right to bear arms "is not unlimited." *Id.* at 626. Specifically, the Court stated that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* The Court labeled these regulations "presumptively lawful." *Id.* at 627 n.26.

Following *Heller*, the circuit courts adopted a two-step framework for Second Amendment challenges with which they first considered whether a law regulated activity within the scope of the Amendment based on its original historical meaning and second applied the means-end scrutiny test to determine the law's validity. *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 18-19 (2022).

In *United States v. Rozier*, decided between *Heller* and *Bruen*, we held that § 922(g)(1) was constitutional, "even if a felon possesses a firearm purely for self-defense." *Rozier*, 598 F.3d 768, 770-71 (11th Cir. 2010).

In *Bruen*, the Supreme Court explained that the proper framework for determining the constitutionality of a firearm regulation was for lower courts to first determine whether an

individual's conduct is covered by the Second Amendment's plain text, and then consider whether the regulation in question "is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. at 24.  In doing so, the Supreme Court repeatedly discussed the Second Amendment as protecting the rights of "law-abiding" citizens. *Id.* at 9, 26, 38 n.9, 70-71.  Then, in *United States v. Rahimi*, the Supreme Court held that § 922(g)(8), which prohibits firearm possession by individuals subject to a domestic violence restraining order, was constitutional under the *Bruen* framework because the law comported with the principles underlying the Second Amendment, again noting that prohibitions on felons' possession of firearms are "presumptively lawful."  602 U.S. 680, 692-701 (2024).

After *Bruen* but before *Rahimi*, we held that § 922(g)(1) was still constitutional because *Bruen* "did not cast doubt on felon-in-possession prohibitions" and therefore could not have abrogated *Rozier* under the prior-panel-precedent rule.  *United States v. Dubois* (*Dubois I*), 94 F.4th 1284, 1294-95 (11th Cir. 2024) (citation modified), *cert. granted, judgment vacated sub nom.*, *Dubois v. United States*, 145 S. Ct. 1041 (2025), *reinstated by*, *United States v. Dubois* (*Dubois II*), 139 F.4th 887 (11th Cir. 2025).  On remand from the Supreme Court in light of *Rahimi*, *see Dubois v. United States*, 145 S. Ct. 1041 (2025), we held that neither *Bruen* nor *Rahimi* abrogated *Rozier*, relying on our reasoning in *Dubois I* to conclude that *Bruen* did not abrogate *Rozier*.  *Dubois II*, 139 F.4th at 893.  We further reasoned that "*Rahimi* reenforced—not undermined—*Rozier*." *Id.*

Here, the government is clearly correct, as a matter of law, that Johnson's argument as to the constitutionality of § 922(g)(1) is foreclosed by our holding in *Dubois II* that neither *Bruen* nor *Rahimi* abrogated *Rozier*, and thus, our holding in *Rozier* that § 922(g)(1) is constitutional continues to be binding precedent for this Circuit.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**