**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-10353

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RAHEEM MORRISSETTE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00143-JB-MU-1

————————————

**ON REMAND FROM THE SUPREME COURT OF THE
UNITED STATES**

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Raheem Morrissette appeals his conviction for possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) is unconstitutional, both on its face and as applied to him. After we affirmed his conviction, the Supreme Court vacated our decision and remanded the case for further consideration in light of its decision in *United States v. Rahimi*, 602 U.S. 680 (2024). *See United States v. Morrissette*, No. 24-10353, 2024 WL 4709935 (11th Cir. Nov. 7, 2024) (unpublished), *vacated*, 145 S. Ct. 1468 (2025). After further consideration, we affirm Morrissette's conviction.

## I.

This case arises out of an incident in which a police officer saw Morrissette commit a traffic infraction while driving and initiated a traffic stop. During the stop, the officer smelled marijuana coming from the vehicle. He searched the vehicle and found marijuana and a pistol.

Morrissette, who had previous felony convictions, was charged with one count of possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). He initially pleaded not guilty and filed a motion to dismiss the indictment, arguing that the statutory ban on felons possessing firearms violated the Second Amendment. After the district court denied the motion to dismiss, Morrissette pleaded guilty. The district court ultimately imposed a 57-month sentence.

## II.

Ordinarily, when a defendant enters a valid guilty plea, he waives any non-jurisdictional defects in the proceedings. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). But Morrissette's guilty plea did not waive his constitutional challenge to the statutory prohibition on felons' possession of firearms. *See Class v. United States*, 583 U.S. 174, 181 (2018) (holding that a defendant who pleaded guilty did not waive his Second Amendment challenge to a statute of conviction when the claim did not "contradict the terms of the indictment or the written plea agreement").

We review *de novo* the constitutionality of a statute. *United States v. Gruezo*, 66 F.4th 1284, 1292 (11th Cir. 2023).

## III.

Morrissette challenges as unconstitutional 18 U.S.C. § 922(g)(1), which generally prohibits individuals with felony convictions from possessing firearms. According to Morrissette, this prohibition, both on its face and as applied to him, runs afoul of the Second Amendment.

To assess the constitutionality of the prohibition on felons possessing firearms, we begin with the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Heller*, the Court considered a Second Amendment challenge to a District of Columbia law that barred the private possession of handguns in homes. *Id.* at 635. After considering both the text and history of the Second Amendment, the Court concluded that it conferred on an individual a right to keep and bear arms. *Id.* at 595. The Court held

that the ban on handgun possession in the home violated the Second Amendment. *Id.* at 635. But the Court acknowledged that the right to keep and bear arms was "not unlimited," emphasizing that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 626. Indeed, the Court labeled such restrictions as "presumptively lawful." *Id.* at 627 n.26.

After *Heller*, we considered a constitutional challenge to § 922(g)(1)'s prohibition on felons' possession of firearms. *See United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). We explained that "the first question to be asked" under *Heller* "is whether one is qualified to possess a firearm" and noted that a convicted felon's Second Amendment right to bear arms "is not weighed in the same manner as that of a law-abiding citizen." *Id.* at 770–71 (emphasis omitted). We looked to the Supreme Court's statement in *Heller* that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id.* at 771 (citation modified). This language "suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* We thus concluded that § 922(g)(1) was a "constitutional avenue to restrict the Second Amendment right of certain classes of people," including those with felony convictions. *Id.*

Several years later, the Supreme Court considered a Second Amendment challenge to New York's gun-licensing regime that limited when a law-abiding citizen could obtain a license to carry a

firearm outside the home. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 11 (2022). The Court recognized that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10. It explained that to determine whether a restriction on the possession of firearms was constitutional, a court must begin by asking whether the restriction at issue governs conduct that falls within the plain text of the Second Amendment. *Id.* at 17. If the restriction covers such conduct, the court may uphold it only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. *Bruen* emphasized that *Heller* established the correct test for determining the constitutionality of gun restrictions. *See id.* at 26. And, like *Heller*, *Bruen* described Second Amendment rights as extending to "law-abiding, responsible citizens." *Id.* (citation modified).

After *Bruen*, we considered another Second Amendment challenge to § 922(g)(1). *See United States v. Dubois* (*Dubois I*), 94 F.4th 1284 (11th Cir. 2024), *vacated*, *Dubois v. United States* (*Dubois II*), 145 S. Ct. 1041 (2025), *reinstated by*, *United States v. Dubois* (*Dubois III*), 139 F.4th 887 (11th Cir. 2025). In *Dubois I*, we held that a defendant's Second Amendment challenge was foreclosed by *Rozier*, which "interpreted *Heller* as limiting the [Second Amendment] right to law-abiding and qualified individuals and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful." *Id.* at 1293 (citation modified). We rejected the defendant's argument that *Bruen* abrogated

our decision in *Rozier*. *Id.* We explained that in *Bruen* the Supreme Court continued to describe the right to bear arms "as extending only to law-abiding, responsible citizens." *Id.* (citation modified). We stated that "clearer instruction from the Supreme Court" was needed before we could reconsider § 922(g)(1)'s constitutionality. *Id.* Accordingly, we held that we remained bound by *Rozier*. *Id.*

In *Rahimi*, the Supreme Court considered a Second Amendment challenge to a federal statute prohibiting an individual who is subject to a domestic violence restraining order from possessing a firearm when the order includes a finding that the individual represents a credible threat to the safety of an intimate partner or a child of that partner or individual. *See* 602 U.S. at 684–85, 693 (citing 18 U.S.C. § 922(g)(8)). It held that this restriction was constitutional. And it once again declared that the prohibition on "the possession of firearms by 'felons' . . . [is] 'presumptively lawful.'" *Id.* at 699 (quoting *Heller*, 554 U.S. at 626, 627 n.26).

After deciding *Rahimi*, the Supreme Court vacated our decision in *Dubois I* and remanded the case for further consideration. *See Dubois II*, 145 S. Ct. at 1041–42. On remand, we held that *Rahimi* "did not abrogate our holding in *Rozier* that section 922(g)(1) is constitutional under the Second Amendment." *Dubois III*, 139 F.4th at 889. We reasoned that "[t]he only time that the *Rahimi* majority mentioned felons was to reiterate *Heller*'s conclusion that prohibitions on the possession of firearms by felons and the mentally ill are presumptively lawful." *Id.* at 893 (citation modified). We explained that "*Rahimi* reinforced—not undermined—*Rozier*." *Id.*

We "reinstate[d] our prior decision and affirm[ed]" the defendant's convictions and sentence. *Id.* at 894.

We conclude that Morrissette's facial and as-applied Second Amendment challenges to § 922(g)(1) fail. We reach this conclusion based on our decision in *Rozier*, in which we held that § 922(g)(1) does not violate the Second Amendment, *Rozier*, 598 F.3d at 770–71, as well as our decision in *Dubois III*, in which we held that neither *Bruen* nor *Rahimi* abrogated *Rozier*, *Dubois III*, 139 F.4th at 889. Our prior-panel-precedent rule requires us to follow *Rozier* and *Dubois III* because they have not been overruled by this Court sitting en banc or abrogated by the Supreme Court. *See United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). We thus affirm Morrissette's conviction.

**AFFIRMED.**