**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-10370

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ROMUEL ANGRAND,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20558-KMM-1

————————————

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Romuel Angrand appeals his convictions and sentence for conspiracy to commit access device fraud, possession of 15 or more unauthorized access devices, aggravated identity theft, possession

with intent to distribute a controlled substance, and possession of a firearm by a convicted felon. First, Angrand argues that 18 U.S.C. § 922(g)(1) is unconstitutional both facially and as applied to him under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Second, Angrand argues that the district court erred in calculating his offense level under U.S.S.G. § 2B1.1(b)(1) by impermissibly relying on the guidelines commentary to § 2B1.1(b)(1) to include the intended loss amount in the fraud loss calculation. After Angrand filed his initial brief on appeal, the government moved for summary affirmance.

## I

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We generally review the constitutionality of a statute de novo. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). However, when a defendant raises such a challenge for the first time on appeal, we review only for plain error. *Id.*

We are bound to adhere to our prior panel precedent unless that precedent has been abrogated by this Court sitting en banc or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "To constitute an overruling for the purposes of

this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (citation modified). To abrogate precedent, the Supreme Court must also "demolish and eviscerate each of its fundamental props." *United States v. Dubois* (*Dubois II*), 139 F.4th 887, 893 (11th Cir. 2025) (citation modified).

The Second Amendment protects the right to keep and bear arms. U.S. Const. amend. II. Section 922(g)(1) makes it a crime for any person convicted of a felony to possess any firearm or ammunition. 18 U.S.C. § 922(g)(1). To obtain a conviction under § 922(g)(1), the government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 588 U.S. 225, 237 (2019).

In *District of Columbia v. Heller*, the Supreme Court first recognized that the Second Amendment protects an individual's right to possess and carry weapons for lawful self-defense, unconnected with militia service. 554 U.S. 570, 635 (2008). The Court held that the Second Amendment right to bear arms presumptively "belong[ed] to all Americans" but the right was not unlimited. *Id.* at 581, 626. The Court noted that, while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id.* at 626.

In *United States v. Rozier*, we considered a constitutional challenge to § 922(g)(1)'s prohibition on felons possessing firearms. *Rozier*, 598 F.3d 768, 770-71 (11th Cir. 2010). We explained that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people," and observed that *Heller* had "suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id*. at 771. We further observed that *Heller* had recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id*. (citation modified).

Over a decade later, in *Bruen*, the Supreme Court held that, in determining whether a restriction on the possession of firearms is constitutional, courts must begin by asking whether the firearm law or regulation at issue governs conduct that falls within the plain text of the Second Amendment right. 597 U.S. at 17. If the regulation covers such conduct, it survives constitutional scrutiny only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id*. at 19. As in *Heller*, *Bruen* again confirmed that the Second Amendment protects the right of "law-abiding citizens" to possess handguns for self-defense. *See id*. at 9-10, 71.

Then, in *United States v. Rahimi*, the Supreme Court rejected a Second Amendment challenge to § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from

possessing a firearm. 602 U.S. 680, 692-701 (2024). The Court again declared that prohibitions on "the possession of firearms by felons and the mentally ill, are presumptively lawful." *Id*. at 699 (citation modified).

After *Bruen* but before *Rahimi*, we held that § 922(g)(1) was still constitutional because *Bruen* "did not cast doubt on felon-in-possession prohibitions" and therefore could not have abrogated *Rozier* under the prior-panel-precedent rule. *United States v. Dubois* (*Dubois I*), 94 F.4th 1284, 1294-95 (11th Cir. 2024) (citation modified), *cert. granted, judgment vacated sub nom.*, *Dubois v. United States*, 145 S. Ct. 1041 (2025), *reinstated by*, *United States v. Dubois* (*Dubois II*), 139 F.4th 887 (11th Cir. 2025). On remand from the Supreme Court in light of *Rahimi*, *see Dubois v. United States*, 145 S. Ct. 1041 (2025), we held that neither *Bruen* nor *Rahimi* abrogated *Rozier*, relying on our reasoning in *Dubois I* to conclude that *Bruen* did not abrogate *Rozier*. *Dubois II*, 139 F.4th at 893. We further reasoned that "*Rahimi* reenforced—not undermined—*Rozier*." *Id*.

Here, the government is clearly correct, as a matter of law, that Angrand's argument as to the constitutionality of § 922(g)(1) is foreclosed by our holding in *Dubois II* that neither *Bruen* nor *Rahimi* abrogated *Rozier*, and thus, our holding in *Rozier* that § 922(g)(1) is constitutional continues to be binding precedent for this Circuit.

## II

We review a loss-amount determination for clear error and must affirm if the district court's finding is "plausible in light of the

record viewed in its entirety." *United States v. Whitman*, 887 F.3d 1240, 1248 (11th Cir. 2018) (citation modified).

Under the 2023 version of § 2B1.1, the Guideline applicable to theft and fraud offenses, a defendant receives an enhancement to his offense level if "the loss" exceeded $6,500. U.S.S.G. § 2B1.1(b)(1) (2023). A defendant faces a 6-level enhancement if his offense results in a loss exceeding $40,000 but less than or equal to $95,000. *See* U.S.S.G. § 2B1.1(b)(1)(G)-(H).

Under the guidelines in effect at the time of Angrand's sentencing on January 30, 2024, the definition of "loss" was in the commentary to § 2B1.1 and not in the text. *See* U.S.S.G. § 2B1.1(b)(1)(A), comment. (n.3) (2023). During the pendency of this appeal, on November 1, 2024, Amendment 827, which is the amendment to § 2B1.1(b)(1) that moves from the Commentary to the text of the Guideline a definition of "loss" as "the greater of actual loss or intended loss," went into effect. *See* U.S.S.G. § 2B1.1(b)(1)(A) (2024); U.S.S.G. App'x C Supp. Amend. 827. Although Amendment 827 is not listed as a retroactive amendment in § 1B1.10(d), this Court has found that Amendment 827 applies to cases pending on direct appeal because it "is a clarifying amendment." *United States v. Horn*, 129 F.4th 1275, 1300 (11th Cir. 2025).

In *United States v. Dupree*, we held that courts may defer to the commentary to the Guidelines only if the text of the Guideline is ambiguous. 57 F.4th 1269, 1275 (11th Cir. 2023) (en banc).

In *Horn*, we applied the framework in *Dupree*, and held that the district court did not err in using intended loss rather than

actual loss to calculate the loss amount because the term "loss" in the pre-2024 version of § 2B1.1(b)(1) was unambiguous and incorporated intended loss through the relevant conduct rules in § 1B1.3(a)(3). *Id.* at 1299-300. Furthermore, we held that Amendment 827 to the Sentencing Guidelines further supported its conclusion that loss was the greater of actual or intended loss. *Id.* at 1300-01. We reasoned that the Amendment simply "maintains the same longstanding approach for calculating loss used in this Circuit's case precedent." *Id.* at 1301.

Here, the government is clearly correct, as a matter of law, that Angrand's argument as to the district court's inclusion of intended loss in the fraud calculation is foreclosed by our holding in *Horn* that "loss" under U.S.S.G. § 2B1.1(b)(1) "unambiguously" includes "intended loss."

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**