**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-14234

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RO'DARYUS DONELL MITCHELL,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cr-00400-ACA-SGC-1

————————————————

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Ro'Daryus Mitchell appeals his conviction for possession of a firearm by a convicted felon. He argues that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment both on its face

and as applied to him. The government has responded by moving for summary affirmance. We grant the government's motion and affirm.

## I.

In May 2023 law enforcement officers arrested Mitchell at his girlfriend's apartment on outstanding warrants. Inside the apartment, they found firearms. Mitchell, who had previous felony convictions, was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the indictment, challenging the statutory ban on the possession of firearms by felons as violating the Second Amendment. After the district court denied the motion to dismiss, Mitchell pleaded guilty. In the plea agreement, he reserved the right to appeal the denial of his motion to dismiss. The court ultimately imposed a sentence of 42 months' imprisonment.

## II.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review *de novo* the constitutionality of a statute. *United States v. Gruezo*, 66 F.4th 1284, 1292 (11th Cir. 2023).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

**III.**

Mitchell challenges the constitutionality of 18 U.S.C. § 922(g)(1), which generally prohibits individuals with felony convictions from possessing firearms. He argues that this prohibition runs afoul of the Second Amendment, which states that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

To assess the constitutionality of the prohibition on felons possessing firearms, we begin with the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Heller*, the Court considered a Second Amendment challenge to a District of Columbia law that banned the possession of handguns in homes. *Id.* at 628. After considering the text and history of the Second Amendment, the Court concluded that it conferred on an individual a right to keep and bear arms. *Id.* at 595. It held that D.C.'s ban on handgun possession in the home violated the Second Amendment. *Id.* at 635. But it acknowledged that the right to keep and bear arms was "not unlimited," stating that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 626. Indeed, the Court labeled such restrictions as "presumptively lawful." *Id.* at 627 n.26.

After *Heller*, we considered a constitutional challenge to § 922(g)(1)'s prohibition on felons' possession of firearms. *See United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). The defendant

in *Rozier* argued that § 922(g)(1) was unconstitutional as applied to him because he possessed the firearm for self-defense in his home. *Id.* at 770. We rejected this argument, holding that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* at 771. In reaching this conclusion, we looked to the Supreme Court's statement in *Heller* that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id.* (citation modified). We stated that it was "irrelevant" that the defendant "may have possessed the handgun for purposes of self-defense (in his home)." *Id.*

Several years later, the Supreme Court considered a Second Amendment challenge to New York's gun-licensing regime that limited when a law-abiding citizen could obtain a license to carry a firearm outside the home. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The Court recognized that the Second Amendment "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10. It explained that to determine whether a restriction on the possession of firearms was constitutional, a court must begin by asking whether the restriction at issue governs conduct that falls within the plain text of the Second Amendment. *Id.* at 17. If a restriction covers such conduct, a court may uphold it only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. Like *Heller*, *Bruen* described Second Amendment rights as extending to "law-abiding, responsible citizens." *Id.* at 26 (citation modified).

After *Bruen*, we considered another Second Amendment challenge to § 922(g)(1). *See United States v. Dubois* (*Dubois I*), 94 F.4th 1284 (11th Cir. 2024), *vacated*, *Dubois v. United States* (*Dubois II*), 145 S. Ct. 1041 (2025), *reinstated by*, *United States v. Dubois* (*Dubois III*), 139 F.4th 887 (11th Cir. 2025). In *Dubois I*, we concluded that *Bruen* did not abrogate our decision in *Rozier*, observing that even in *Bruen* the Supreme Court continued to describe the right to bear arms "as extending only to law-abiding, responsible citizens." *Id.* at 1293 (citation modified). We stated that "clearer instruction from the Supreme Court" was needed before we could "reconsider the constitutionality of section 922(g)(1)." *Id.* Accordingly, we held that we remained bound by *Rozier*. *Id.*

Shortly after our decision in *Dubois I*, the Supreme Court decided *United States v. Rahimi*, which involved a Second Amendment challenge to a federal statute prohibiting an individual who is subject to a domestic violence restraining order from possessing a firearm when the order includes a finding that the individual represents a credible threat to the safety of an intimate partner or a child of that partner or individual. *See* 602 U.S. 680, 684–85 (2024). It held that this restriction, which is set forth in 18 U.S.C. § 922(g)(8), was constitutional. *Id.* at 693. The Court once again declared that the prohibition on "the possession of firearms by 'felons' . . . [is] 'presumptively lawful.'" *Id.* at 699 (quoting *Heller*, 554 U.S. at 626, 627 n.26).

After *Rahimi*, the Supreme Court vacated our decision in *Dubois I* and remanded the case for further consideration. *See Dubois II*,

145 S. Ct. at 1042. On remand, we held that *Rahimi* "did not abrogate our holding in *Rozier* that section 922(g)(1) is constitutional under the Second Amendment." *Dubois III*, 139 F.4th at 889. We reasoned that "[t]he only time that the *Rahimi* majority mentioned felons was to reiterate *Heller*'s conclusion that prohibitions on the possession of firearms by felons and the mentally ill are presumptively lawful." *Id.* at 893 (citation modified). We explained that "*Rahimi* reinforced—not undermined—*Rozier*." *Id.* We "reinstate[d] our prior decision" and affirmed the defendant's convictions and sentence. *Id.* at 894.

In this appeal, Mitchell, relying on *Bruen* and *Rahimi*, argues that § 922(g)(1)'s prohibition on its face and as applied to him violates the Second Amendment. We conclude that summary affirmance is warranted here because Mitchell's facial and as applied challenges are foreclosed by precedent. His facial challenge to § 922(g)(1) is foreclosed by *Dubois III*, which reaffirmed that neither *Bruen* nor *Rahimi* had abrogated our decision in *Rozier* that upheld the felon-in-possession ban in § 922(g)(1) against a Second Amendment challenge. *See* 139 F.4th at 893–94. And Mitchell's as-applied constitutional challenge is foreclosed by *Rozier*, in which we held that a defendant's purpose for possessing a firearm and the fact that the firearm was confined to his home was immaterial because felons as a class could be excluded from firearm possession. *See* 598 F.3d at 771. Although Mitchell argues that our earlier decisions were wrongly decided, our prior-panel-precedent rule requires us to follow *Rozier* and *Dubois III* because they have not been overruled by this Court sitting en banc or abrogated by the Supreme

24-14234                Opinion of the Court                7

Court. *See United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

Because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**