**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12864

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TRAVION CORTEZ VANHORN,

*Defendant- Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cr-00271-ACA-NAD-1

_____

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Travion Cortez Vanhorn appeals his conviction for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Vanhorn argues that the district

court erred in denying his motion to dismiss the indictment because § 922(g)(1) is unconstitutional facially and as applied to him. For the reasons stated below, we affirm Vanhorn's conviction.

## I.

This case arises out of an incident in which police officers observed Vanhorn operating a vehicle without a seatbelt and initiated a traffic stop. During the stop, Vanhorn was unable to produce a driver's license. He stated that his driver's license was suspended and that he was on probation in Walker County, Alabama, for the crime of Unlawful Distribution of a Controlled Substance. While speaking with Vanhorn, the officers noticed a strong odor of marijuana emitting from the vehicle. The officers ran Vanhorn's name and discovered he had outstanding misdemeanor warrants with the city of Adamsville, Alabama. Vanhorn was asked to step out of the vehicle. He voluntarily stated that there was a small amount of marijuana in his pants, a scale inside the vehicle, and a firearm under the driver's seat. The officers searched the vehicle and Vanhorn's person and recovered the marijuana, drug paraphernalia, and the firearm.

Vanhorn, who has previous felony convictions for unlawful possession of marijuana and unlawful distribution of a controlled substance, was charged with one count of possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). He initially pleaded not guilty and filed a motion to dismiss the indictment, arguing that the indictment violated the Second Amendment facially and as applied

to him.  After the district court denied the motion to dismiss, Vanhorn pleaded guilty.  The district court sentenced Vanhorn to 30-months followed by 3 years of supervised release.

## II.

The Second Amendment protects the right to keep and bear arms.[1]  U.S. Const. amend. II.  The federal felon-in-possession statute prohibits anyone who has been convicted of a crime punishable by more than one year of imprisonment from keeping a firearm or ammunition.  18 U.S.C. § 922(g)(1).

Vanhorn argues that section 922(g)(1), which prohibits "any person . . . who has been convicted" of a felony to "possess in or affecting commerce, any firearm or ammunition," *see* 18 U.S.C. § 922(g)(1), violates his Second Amendment right "to keep and bear [a]rms," *see* U.S. Const. amend. II.  Vanhorn's argument, however, is foreclosed by our precedent.

In *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), this Court considered a constitutional challenge to section 922(g)(1)'s prohibition on felons possessing firearms.  We observed that the United States Supreme Court in *District of Columbia v. Heller* "suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment."  *Id.* at 771 (citing *Heller*, 554 U.S. 570, 581, 626

---

[1] We review the constitutionality of a statute de novo.  *United States v. Fleury*, 20 F.4th 1353, 1362 (11th Cir. 2021).

4                    Opinion of the Court                    24-12864

(2008)).  Instead, prohibitions on felons possessing firearms were a "presumptively lawful longstanding prohibition." *Id.* (citing *United States v. White*, 593 F.3d 1199, 1205–06 (11th Cir. 2010)); *see also Heller*, 554 U.S. at 581 ("[N]othing in [this] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."). Thus, we held that "statutory restrictions of firearm possession, such as [section] 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people." *Rozier*, 598 F.3d at 771.

Resisting this conclusion, Vanhorn argues that *Rozier* is no longer good law after the United States Supreme Court's decisions in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 11 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). But "[u]nder our prior panel precedent rule, we are bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019). "To overrule or abrogate a prior panel's decision, the subsequent Supreme Court or en banc decision 'must be clearly on point' and must 'actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel.'" *Id.* (quoting *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009)). If the Supreme Court "never discussed" our precedent and did not "otherwise comment[] on" the precise issue before the prior panel, our precedent remains binding. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1238–39 (11th Cir. 2008). In other words, the later "decision must 'demolish' and 'eviscerate' each of its 'fundamental

props.'" *United States v. Dubois (Dubois II)*, 139 F.4th 887, 893 (11th Cir. 2025) (cleaned up) (quoting *Del Castillo v. Sec'y, Fla. Dep't of Health,* 26 F.4th 1214, 1223 (11th Cir. 2022)).  Neither *Bruen* nor *Rahimi* went as far as to "overrule" or "abrogate" *Rozier*.

*Bruen* was about a challenge to New York's gun-licensing regime that limited when a law-abiding citizen could obtain a license to carry a firearm outside the home.  *See* 597 U.S. at 10–11.  There, the Supreme Court explained that, in determining whether a restriction on the possession of firearms is constitutional, courts must begin by asking whether the restriction governs conduct that falls within the plain text of the Second Amendment right.  *See id.* at 17.  If the regulation covers such conduct, it survives constitutional scrutiny only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."  *Id.* at 19.

*Rahimi* was about a challenge to the federal law prohibiting individuals subject to domestic violence restraining orders from possessing firearms.  *See* 602 U.S. at 684–86; *see also* 18 U.S.C. § 922(g)(8).  There, the Supreme Court reiterated the *Bruen* analysis but warned that a historical analogue "need not be a 'dead ringer' or a 'historical twin'" to establish that a modern regulation "comport[s] with the principles underlying the Second Amendment." *Rahimi*, 602 U.S. at 691–92 (alteration adopted) (quoting *Bruen*, 597 U.S. at 30).

But *Bruen* and *Rahimi* "never discussed" our precedent on section 922(g)(1) and did not "otherwise comment[] on" the precise

issue before" the *Rozier* court.  *See Vega-Castillo*, 540 F.3d at 1238–39.  And *Bruen* and *Rahimi* did not "demolish" or "eviscerate" our holding in *Rozier*.  *See Dubois II*, 139 F.4th at 893 (quotation omitted).

Indeed, in *Dubois II*, we explained that neither *Bruen* nor *Rahimi* had abrogated our decision in *Rozier*, which upheld the constitutionality of section 922(g)(1).  *See* 139 F.4th at 893–94.  Applying our prior-panel-precedent rule in considering the defendant's Second Amendment challenge to his conviction and sentence under section 922(g)(1), we affirmed, holding that *Rozier* continued to bar Second Amendment challenges to section 922(g)(1) unless and until the Supreme Court offered "clearer instruction."  *Id.* at 894.  And we further reasoned that "*Rahimi* reinforced—not undermined—*Rozier*."  *Id.* at 893.

We thus conclude that the district court did not err. Vanhorn's facial and as-applied challenges are foreclosed because our prior precedents in *Rozier* and *Dubois II* have not been overruled by this Court sitting *en banc* or abrogated by the Supreme Court.  *See United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).  We thus affirm Vanhorn's conviction.

**AFFIRMED.**